# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 23-0283-TFM-MU |
| | ) | |
| BP EXPLORATION & PRODUCTION, INC., *et al*., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On December 26, 2024, Plaintiff filed a Motion to File Exhibit Under Seal, in which she seeks to file under seal an expert report drafted by Dr. Naomi Oreskes that she has submitted in reply to Defendants' opposition to her motion for leave to amend her complaint. (Doc. 40). Plaintiff did not state in her motion whether Defendants object to this motion, and Defendants have not filed a response to this motion; accordingly, the Court is not aware of Defendants' position on this motion. (*See* Doc. 40 and Docket Sheet). Plaintiff states in her brief motion that the expert report "contains a discussion of information about BP and various third parties which is subject to confidentiality challenges and not yet on the public docket." (Doc. 40, PageID. 403). She footnotes a reference to a docket entry from a case in another court but provides no information as to its relevance. (*Id*.). Plaintiff argues that this vague statement shows good cause to warrant sealing of the expert report in its entirety for the duration of this litigation or until it is filed on the public docket in the Eastern District of Louisiana. (*Id.*).

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of

it). He may not rubber stamp a [request] to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Further, "[t]he operations of courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 839 (1978)). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).

The Eleventh Circuit recently reaffirmed the need for "resolute" enforcement of the presumption that the public should have access to judicial records. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1359 (11th Cir. 2021). "What happens in the halls of government is presumptively public business. Judges deliberate in private, but issue public decisions after public arguments based on public records." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Attachments to pretrial motions which require judicial resolution on the merits are subject to the common law right of access to judicial proceedings. *See Chicago Tribune v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). One may only overcome the common-law right of access by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The good cause "standard requires the district court to balance the party's interest in obtaining access against the

other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313. When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Southern District of Alabama has a rule applicable to sealed documents which furthers this principle. *See* S.D. Ala. Gen. LR 5.2. Pursuant to Local Rule 5.2(b)(2), a motion to seal a document must contain: 1) a generic, non-confidential identification of the document to be sealed, 2) the basis upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate, and 3) the duration for which sealing is requested. The motion filed by Plaintiff identifies the document to be sealed and the duration for which sealing is requested. However, the only basis for sealing given by Plaintiff is a non-specified confidentiality challenge. (Doc. 40, PageID. 403). Plaintiff does not identify any particular portion of the document that presents confidentiality concerns and an in camera review of the document has not assisted the Court in determining what matters within it would create confidentiality concerns. Nor has Plaintiff explained why the fact that this report is not on the public docket in another action in another court has bearing in this action in this Court. In addition, Plaintiff has not explained why alternatives to sealing, such as redaction, would be inadequate. Finally, Plaintiff has not presented any case law that supports her request that the report be sealed. For these reasons, the Court finds that Plaintiff has

not met her burden of showing good cause for filing the report under seal when it is being used in support of a substantive motion.

Accordingly, Plaintiff is **ORDERED** to file a supplemental brief addressing the foregoing on or before **February 25, 2025**. Defendant shall file a response to Plaintiff's brief on or before **March 4, 2025**.

The expert report prepared by Dr. Oreskes (Doc. 41) will remain provisionally sealed pending the Court's determination.

**DONE** and **ORDERED** this the **12th** day of **February, 2025**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**