UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY GREMILLION, on behalf of            CIVIL ACTION
the ESTATE OF JENNIFER L.
GREMILLION,

VERSUS                                    NO: 22-3209

BP EXPLORATION & PRODUCTION               SECTION: "A" (5)
INC. and BP AMERICA PRODUCTION
COMPANY

## ORDER AND REASONS

Two motions are pending before the Court: (i) **Plaintiff's Motion to Amend the Case Management Order (Rec. Doc. 180)** (noticed for submission on July 9, 2025); and (ii) **Plaintiff's Motion to Consider Whether Another Party's Materials Should be Sealed (Rec. Doc. 197)** (noticed for submission on July 23, 2025). Both motions are opposed by BP.

**I.    Plaintiff's Motion to Amend the Case Management Order (Rec. Doc. 180)**

Plaintiff's Motion to Amend the Case Management Order (the "Motion to Amend") principally seeks:

> [E]ntry of an order compelling the Parties to produce all documents and information reflecting any direct or indirect payments, funding, or other financial support (monetary, in-kind, or contractual) that they or any of their agents, consultants, subsidiaries, insurers, or retained firms ("Affiliates") have provided to any individual, organization, publisher, or institution that authored or published a report, study, article, or treatise upon which the Party's experts rely on in this litigation.

(Rec. Doc. 180-1, at 1). She contends that such an order is necessary for the Court's *Daubert* analyses; and that, under the current scheduling order, the Court will not have the benefit of this information.[1] The basis for this request is her allegation that BP has benefited from "litigation-

---

[1] Rec. Doc. 180-1, at 2.

driven science" which occurs "when well-financed defendants fund or seed scientific studies favorable to their litigation position."[2] She alleges that such litigation-driven studies, while "cloaked in academic legitimacy, may carry the false imprimatur of objectivity while concealing strategic or financial motives."[3]

At the same time that she filed her Motion to Amend, Plaintiff also served BP with a notice of intent to issue a Federal Rule of Civil Procedure 30(b)(6) subpoena seeking "the same information on BP's funding of studies through direct and indirect means"—which is pending before Magistrate Judge Michael North.[4] The present motion explains that, if granted, she "would have no need to pursue the Subpoena because the information would be produced pursuant [to] the Court's disclosure order in the amended Case Management Order."[5]

BP opposes her motion for five reasons, contending as follows: first, that Plaintiff has simply masqueraded a discovery request as a motion to amend; second, that the request is unnecessary because funding and  potential conflicts of interests are disclosed in the subject documents; third, that granting the request would adversely affect the scheduling order; fourth, that Plaintiff's justification for her request is speculative; and fifth, that the request is overbroad, unduly burdensome, practically infeasible, and not proportional to the needs of this case.[6] The Court agrees, at a minimum, with BP's first and last contentions.

---

[2] Rec. Doc. 180-1, at 2–3 (quoting *In re Welding Fume Prods. Liab. Litig.*, 534 F. Supp. 2d 761, 766 (N.D. Ohio 2008)).

[3] Rec. Doc. 180-1, at 3.

[4] Rec. Doc. 180-1, at 7.

[5] Rec. Doc. 180-1, at 7.

[6] Rec. Doc. 188, at 1–2.

Plaintiff's Memorandum in Support of her Motion to Amend is silent as to which Federal Rule of Civil Procedure serves as the basis for the relief she seeks.[7] Instead, she cites as persuasive authority the discovery order employed in *In re Welding Fume Products Liability Litigation*, 534 F. Supp. 2d 761, 766 (N.D. Ohio 2008).[8] She explains,

> In *In re Welding*, the court compelled the parties to disclose extensive financial relationships with authors of scientific publications cited during the litigation. The court emphasized that the scientific articles had become "virtual testimony" through repeated invocation by the parties' experts, and thus, financial ties to the authors were relevant to assessing bias and credibility.

(Rec. Doc. 180-1, at 3–4). She also contends that the *In re Welding* court "faced nearly identical circumstances, where parties relied on extensive scientific literature to support expert opinions."[9]

But Plaintiff omits important context—the discovery order in *In re Welding* was a global one in a multidistrict litigation comprising over 12,000 cases.[10] A central purpose of multidistrict litigation is to coordinate and consolidate pretrial proceedings in order to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). As such, the transferee court (*i.e.*, the presiding court in *In re Welding*) is afforded "special deference." *In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018); *see also In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) ("We review a district court's interpretation of its own orders with deference, particularly in the MDL context."). "The ability for judges to enforce orders pertaining to the progress of their cases is most important in multidistrict litigation cases, where the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation

---

[7] On reply, she clarified that the Court has the authority to make such an amendment pursuant to Federal Rule of Civil Procedure 16. *See* Rec. Doc. 196, at 1.

[8] *See* Rec. Doc. 180-1, at 2–3.

[9] Rec. Doc. 18-1, at 4.

[10] *See In re: Welding Fume Prods. Liab. Lit.*, No. 03-17000, Rec. Doc. 2586 (N.D. Ohio) (filed Mar. 25, 2013).

for trial.'" *Id.* (citations and quotations omitted). The Court acknowledges that a broad-sweeping discovery order, such as the one Plaintiff proposes, may reasonably achieve the statutory purpose of multidistrict litigation as stated in 28 U.S.C. § 1407(a); but the instant matter is not such a case, and the Court declines to manage pretrial proceedings here as if it were one. *Id.* at 362 ("The [district] court has broad discretion and inherent authority to manage its docket.").

The Court further declines to adopt the discovery order for two reasons. ***First***, a scheduling order "may be modified only for good cause," Fed. R. Civ. P. 16(b)(4), and there is not good cause for the modification Plaintiff seeks. As the Fifth Circuit has explained:

> There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."

*Squyres v. Heico Cos.*, 782 F.3d 224, 236-37 (5th Cir. 2015) (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted)). The relief Plaintiff seeks is inappropriate because: (i) the discovery deadline had not yet passed when the motion was filed; (ii) the modification is relatively unimportant as its basis is largely speculative and is too attenuated from the actual issues before the Court; (iii) the prejudicial effect of the modification outweighs its speculative basis; and (iv) after the present motion was filed, the discovery and deposition deadlines in this matter were further continued for a period of nearly 2 months,[11] giving Plaintiff ample time (on top of the three years this case has been pending) to attempt to obtain the discovery she seeks from BP through standard discovery tools (as she should have done in the first place).

---

[11] *See* Rec. Doc. 224.

*Second*, the scope of the discovery order, which asks the Court in relevant part to "*compel[]* the Parties to produce all documents and information"[12] is overbroad, unduly burdensome, and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). The Court need not otherwise address its merits because it is best characterized as a procedurally deficient motion to compel. *See* Fed. R. Civ. P. 37.

Accordingly, Plaintiff's Motion to Amend is denied.

## II.    Plaintiff's Motion to Consider Whether Another Party's Materials Should be Sealed (Rec. Doc. 197)

### i.    Background

On July 7, 2025, Plaintiff filed a reply in support of the previously discussed Motion to Amend.[13] She argued in her reply that, despite BP's contention to the contrary, certain funding disclosures associated with studies related to this litigation are unavailable.[14] In particular, she claimed that BP hired Dr. Terry Hazen to consult on the *Deepwater Horizon* litigation, "however, months later, when a paper he co-authored was published, he denied *any* 'commercial or financial relationships,' creating a conflict in his 2012 article."[15] In support of her claim, she cited to a document marked "confidential" pursuant to the parties' protective order, which required that it be filed under seal.[16] Accordingly, the instant companion motion seeking clarification as to whether the confidential document should be sealed was filed on the same day.

---

[12] Rec. Doc. 180-1, at 1 (emphasis added).

[13] *See* Rec. Doc. 196.

[14] *See* Rec. Doc. 196, at 3–4.

[15] Rec. Doc. 196, at 3–4.

[16] Rec. Doc. 197-1, at 1.

ii.    **Legal Standards**

A.  *Common Law Right-of-Access Principles*

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need." *Id.* (internal quotations omitted). "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption." *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. CV 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)). Further, "[t]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *June Med. Servs., L.L.C.*, 22 F.4th at 520 (quoting *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). The Fifth Circuit has also cautioned that the fact "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record." *Shell Offshore, Inc.*, 2017 WL 4226153, at *1.

B.  *Local Rule 5.6*

In this District, Local Rule 5.6 governs the procedure for filing documents under seal. Pursuant to the Rule,

> All reasonable alternatives to filing under seal must be explored, including a line-by-line analysis of the documents or other tangible item (including documents marked confidential under a protective order) to redact only the truly sensitive information rather than simply seeking to file the entire document or other item under seal. The redacted document or other item may then be publicly filed, with the unredacted version filed under seal.

LR 5.6(A).

When, as is the case here, a document has been designated as confidential by another party ("the Designating Party"), the motion "must be filed as a Motion to Consider Whether Another Party's material Should Be Sealed," and the motion must include an "[i]dentification of each document or portions thereof for which sealing is sought." LR. 5.6(D)(2). If the presiding court grants the motion to seal, "the movant, after consulting the Designating Party (if applicable), must file a redacted version of the sealed version within 14 days of the order granting the motion to seal." LR 5.6(C)(3).

### iii.    Pending Motion

Plaintiff's motion explains that the document she asks the Court to consider "was cited to show when Terry Hazen was retained[,] which was necessary to show that funding and conflict of interest disclosures in publications are incomplete and will miss instances where BP provided funding."[17] She contends that "there is no compelling countervailing interests favoring nondisclosure," because "[t]he Exhibit is a contract that is over a decade old," and "[i]t is difficult to see how the terms of such a contract could affect future negotiations or cause competitive harm."[18]

---

[17] Rec. Doc. 197-1, at 1.

[18] Rec. Doc. 197-1, at 6.

In opposition, BP maintains that the contract should remain sealed for three reasons: first, Plaintiff's motion is duplicative of a motion concerning the same contract that is pending before a different court in this District;[19] second, the contract is of no importance to the issue in Plaintiff's motion to alter the scheduling order in this matter because BP does not dispute that Dr. Hazen was employed by BP in the aftermath of the Deepwater Horizon incident; and third, the contract is confidential in that it reflects the final bargaining positions of BP and Dr. Hazen as it concerns their consulting agreement.[20]

### iv.    Discussion

The subject of Plaintiff's motion is not central to the litigation, nor is it the basis for a dispositive motion. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021).[21] It is a 10-year-old agreement between BP and a consultant it hired during the *Deepwater Horizon* response—a fact that BP does not dispute.[22] These facts lower the threshold for BP to overcome the presumption of access. *See June Med. Servs., LLC*, 22 F.4th at 520 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the

---

[19] The parties each note that a similar motion is pending in a separate case before Judge Morgan. *See Boggs v. BP Expl. & Prod., Inc., et al.*, No. 16-12476, Rec. Doc. 291-1 (filed Dec. 12, 2024). The *Boggs* case, much like this one, has been the subject of voluminous motion practice and the briefing schedule is currently stayed pending the Fifth Circuit's decision as to whether or not it will grant rehearing in *Ruffin v. BP Exploration & Production, Inc.*, No. 23-30854 (5th Cir.). *See Ruffin*, No. 23-30854, Rec. Doc. 95 (5th Cir. May 14, 2025) (order withholding issuance of mandate), Rec. Doc. 111-1 (5th Cir. June 10, 2025) (Petition for Rehearing En Banc).

In *Boggs*, the pending Motion to Consider Whether Another Party's Material Should be Sealed (Rec. Doc. 291) contains 15 exhibits amounting to nearly 1200 pages. The subject of the motion presently before the Court is a single 5-page contract contained within one of the 15 exhibits pending before Judge Morgan. Under these circumstances, the Court declines withholding its ruling.

[20] *See generally* Rec. Doc. 200.

[21] *Le*, 990 F.3d at 420 (citations omitted),

> Perhaps most disquieting, documents marked confidential provided the basis for summary judgment—a dispositive order adjudicating the litigants' substantive rights (essentially a substitute for trial)—yet there was "no mention of the presumption in favor of the public's access to judicial records."

[22] Rec. Doc. 200, at 1–2.

presumption of access." (quoting *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016))).

Still, however, "[j]udicial records belong to the American people; they are public, not private, documents." *Le*, 990 F.3d at 420. "And the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., LLC*, 22 F.4th at 519 (quoting *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020) (internal quotations omitted)); *see also Le*, 990 F.3d at 421 ("With great respect, we urge litigants and our judicial colleagues to zealously guard the public's right of access to judicial records—*their* judicial records—so 'that justice may not be done in a corner.'"). The Court is, thus, charged with balancing the public's right of access to judicial records with BP's interest in protecting what it claims to be a commercially sensitive document. *June Med. Servs., LLC*, 22 F.4th at 521.

Having examined the agreement, the Court concludes that a partially redacted version of the document should be filed into the public record. *See United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (recognizing redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information."). This conclusion is congruent to BP's need for confidentiality, as the relief granted (redaction) prevents the public from accessing only the specific subsection(s) of the agreement pertaining to the commercially sensitive information while permitting inspection of the remainder of the document. *See Le*, 990 F.3d at 420.

Based on the briefing, however, it does not appear that reasonable alternatives to filing under seal were explored by the parties *prior* to filing this motion. *See* LR 5.6(A). In other words, the issue presently before the Court could have been resolved or, at a minimum, streamlined if Plaintiff's counsel had simply communicated with counsel for BP prior to filing the motion and the parties themselves discussed the agreement on a line-by-line basis. *Id.*

And this reflects a broader issue brewing in this litigation that the Court is compelled to address: it is apparent from the rhetoric employed in recently filed briefs that this matter is at risk of becoming unnecessarily contentious and, at certain times, has neared the level of "fiddle-faddle" that Chief Judge Proctor of the Northern District of Alabama so aptly described before ordering counsel for the plaintiff and the defendants to get lunch together and discuss how they could act professionally for the remainder of the case.[23]

The Court appreciates zealous advocacy—indeed, the Model Rules of Professional Conduct demand that a lawyer "act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf." MODEL RULES OF PRO. CONDUCT r. 1.3 cmt. (1) (AM. BAR ASS'N 2023). And the Court is well aware that counsel for both parties have the pleasure of litigating against each at an exhausting pace—there are at least 10 active cases between counsel for the respective parties pending in this District alone—which can, understandably, negatively affect the patience displayed to opposing counsel. So it is worth a reminder that the "duty to act with reasonable diligence does not require the use of offensive tactics or preclude the treating of all persons involved in the legal process with courtesy and respect." *Id.*

To be clear, the quality of lawyering in this litigation is excellent. But as the case proceeds to trial, the parties are encouraged to consider whether the action and/or rhetoric they contemplate

---

[23] *See McCullers v. Koch Food of Ala., LLC, et al.*, No. 1:24-cv-01496-RDP, Rec. Doc. 7 (signed Nov. 26, 2024). Judge Proctor wisely noted that fiddle-faddle "rarely provides any legitimate strategic advantage," and ordered as follows:

> [C]ounsel for both Plaintiff and Defendants are to go to lunch together. Plaintiff's counsel will pay the bill; Defendants' counsel will leave the tip. The parties will discuss how they can act professionally throughout the rest of this case. Within ten (10) days of the lunch, the parties SHALL file a joint report describing the conversation that occurred at lunch *and the amount of the tip.*

employing and/or using increases the propensity for wasting time, damaging professional relationships, and appearing (to opposing counsel *and* the Court) as petty and uncooperative.

### III.    Conclusion

The Court, having considered (i) **Plaintiff's Motion to Amend the Case Management Order (Rec. Doc. 180)** and (ii) **Plaintiff's Motion to Consider Whether Another Party's Materials Should be Sealed (Rec. Doc. 197)**,

Accordingly;

**IT IS ORDERED** that **Plaintiff's Motion to Amend the Case Management Order (Rec. Doc. 180) is DENIED**.

**IT IS FURTHER ORDERED** that the submission date for **Plaintiff's Motion to Consider Whether Another Party's Materials Should be Sealed (Rec. Doc. 197)** is **CONTINUED to <u>Wednesday, September 3, 2025</u>**.

**IT IS FURTHER ORDERED** that, within 7 days of this Order's entry, BP shall file a supplemental statement or declaration setting forth the information described in LR 5.6(D)(1)(a)-(d). In particular, the statement should clarify which portions of the agreement it seeks to remain redacted. Plaintiff will be afforded an opportunity to respond within 7 days of BP filing its supplemental statement. LR 5.6(D)(2)(c). The Court will defer its decision on the matter until the parties have submitted their respective positions. The parties are admonished not to construe this ruling as opening a door to bypass a similar motion pending before another court. The Court will defer ruling on the merits of sealing any future attachment containing a document pending before another court at the time it is filed in this Court unless it supports a dispositive motion. *See Le*, 990 F.3d at 420.

August 7, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE