UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY GREMILLION, on behalf of the ESTATE OF JENNIFER L. GREMILLION, | CIVIL ACTION |
| VERSUS | NO: 22-3209 |
| BP EXPLORATION & PRODUCTION INC. and BP AMERICA PRODUCTION COMPANY | SECTION: "A" (5) |

**ORDER AND REASONS**

Pending before the Court is **Plaintiff's Opposed Expedited Motion for Partial Reconsideration of Order Denying Rebuttal Report of Dr. Nancy Rothman (Rec. Doc. 209)**. The motion, noticed for submission on August 6, 2025, is before the Court on the briefs without oral argument. For the following reasons, the motion is denied.

**I.  Background**

On July 3, 2025, the Court granted in-part Plaintiff's Motion for Leave to Permit Plaintiff's Experts' Rebuttal Reports.[1]

In support of that motion, Plaintiff argued that rebuttal reports are necessary because (i) "BP submitted six (6) expert reports on numerous scientifically complex issues that include untested and unaddressed rebuttals to Plaintiff's expert reports," and (ii) "BP's expert reports suffer from methodological deficiencies, incorrect assumptions or facts, and misleading statements that unfairly attack the credibility and opinions of Plaintiff's experts."[2] As such, she sought leave

---

[1] *See* Rec. Doc. 193, Order and Reasons Denying Pl.'s Mot. for Leave.

[2] Rec. Doc. 167-1, Pl.'s Mem. in Support of Pl.'s Mot. for Leave to Permit Pl.'s Experts' Rebuttal Reports, at 1.

of court to produce rebuttal reports from the following experts: David Savitz, Nancy Rothman, Shaun Crawford, Uri Simonsohn, and Jill Powder.[3]

The Court granted the motion as to all but one expert—Dr. Nancy Rothman. It denied the motion as to Dr. Rothman because the record is abundantly clear that Plaintiff intended to rely on Dr. Rothman's testimony in this matter prior to the parties' deadline to produce expert reports, but "she opted instead to wait and later seek leave to produce a rebuttal report so as to have the 'last word.'"[4] This does not, as the Court noted, constitute good cause for a modification of the scheduling order.[5]

Plaintiff now asks the Court to reconsider its decision with respect to Dr. Nancy Rothman, whose exclusion, she argues, "would substantially prejudice Ms. Gremillion's ability to rebut key aspects of BP's causation defense and certain 'dosage' data that was not relied on by Plaintiff's case-in-chief experts."[6] She further explains that "Dr. Rothman is offered for her tailored rebuttal opinions responsive to the Defendants' disclosed experts in this case who use new methodologies, rely on flawed data, and express new opinions in this case of first impression about CML cancer and Deepwater Horizon oil spill exposures."[7]

BP opposes her motion for reconsideration, principally contending that she has done nothing more than rehash the same arguments presented in her original motion.[8] The Court agrees.

---

[3] Rec. Doc. 167-1, Pl.'s Mem. in Support of Pl.'s Mot. for Leave to Permit Pl.'s Experts' Rebuttal Reports, at 9–11.

[4] *See* Rec. Doc. 193, Order and Reasons Denying Pl.'s Mot. for Leave, at 31–34.

[5] Rec. Doc. 193, Order and Reasons Denying Pl.'s Mot. for Leave, 33.

[6] Rec. Doc. 209-1, Pl.'s Mot. for Reconsideration, at 3.

[7] Rec. Doc. 209-1, Pl.'s Mot. for Reconsideration, at 3.

[8] *See* Rec. Doc. 220, at 4–5.

## II. Legal Standard

The starting point for evaluating whether interlocutory orders should be altered is Federal Rule of Civil Procedure 54(b), which provides, in relevant part, that any order which does not fully resolve all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting Fed. R. Civ. P. 54(b)). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Bernard v. Grefer*, No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.).

What *is* clear, however, is that the more stringent framework for reconsidering final judgments under Rule 59(e) should not be applied in place of the more flexible Rule 54(b) standard. *See Austin v. Kroger Tex. L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, the district court's denial of Austin's motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b).").

> Rule 54(b) reconsideration is "more flexible" and less exacting than Rule 59(e) reconsideration. Even so, the Court "look[s] to similar considerations" under both Rule 54(b) and Rule 59(e). For example, like a Rule 59(e) motion, a Rule 54(b) motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"

*St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2025 WL 1220817, at *2 (E.D. La. Apr. 28, 2025) (Long, J.) (internal citations omitted).

## III. Analysis

The Court, having considered Plaintiff's motion, is unpersuaded that a reversal is warranted. As a threshold matter, Plaintiff erroneously contends that "[t]he Federal Rules

3

inherently provide for expert rebuttal opinions provided they are intended solely to rebut or contradict the testimony of the other side's experts."[9] It is true that such testimony must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party"; but it is not an "inherent" right of a litigant under the Rules. It is "subject to the caveat that it only applies '[a]bsent a stipulation or a court order.'" *Patriot Contracting, LLC v. Star Ins. Co.*, No. 15-6634, 2017 WL 11537384, at *1 (E.D. La. June 22, 2017) (Milazzo, J.) (quoting Fed. R. Civ. P. 26(a)(2)(D)). In this District, the Local Rules provide that "[t]he court will set the timing of disclosures under FRCP 26(a)," LR 26.1. And the current scheduling order—which was jointly drafted by the parties before the Court adopted it[10]—clearly states (i) that Plaintiff's reports were to be "[d]elivered to defense counsel by April 4, 2025," and (ii) that, *if* Plaintiff determined a need for a rebuttal report existed, *then* she would "formally move this Court for permission to submit them."[11] Accordingly, the aforementioned caveat applies here and the Court is not guided by the "general test under Rule 26(a)(2)(D)(ii),"[12] but by the "good cause" standard articulated in Rule 16. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Plaintiff also contends that, "Rather than provide a case-in-chief argument or piece of the causation puzzle, Dr. Rothman's report is necessary to critique and refute BP's experts' recently disclosed opinions generated by their reliance on flawed data. Her analyses constitute a true rebuttal."[13] This is problematic for two reasons.

---

[9] Rec. Doc. 209-1, Pl.'s Mot. for Reconsideration, at 5.

[10] *See* Rec. Doc. 114, Minute Entry, at 2 (ordering the parties to submit a joint proposed case management order) (signed Jan. 16, 2025).

[11] *See* Rec. Doc. 150, Amended Scheduling Order, at 1, 1 n.1.

[12] Rec. Doc. 209-1, Pl.'s Mot. for Reconsideration, at 6.

[13] Rec. Doc. 209-1, Pl.'s Mot. for Reconsideration, at 5.

4

***First***, the scheduling order contains a single, all-encompassing deadline for Plaintiff's expert reports, followed by a single deadline for BP's expert reports; and it does not delineate between reports authored by "case-in-chief experts" and "rebuttal experts."[14] This order of disclosure accords with common sense, as the burden of proof at trial is on Plaintiff, not BP. Yet prior to her expert report deadline, Plaintiff, allegedly armed with Dr. Rothman's testimony and "document evidence" sufficient to "establish that the public databases BP implies contain all the necessary information are inadequate," sought instead to flip this common-sense approach and withhold the information rather than submit an initial report—seemingly as a matter of strategy.[15] This runs afoul of common sense and the purpose of rebuttal testimony. *See Sierra Club v. Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) ("[Rebuttal] disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.").

***Second***, Plaintiff's argument that Dr. Rothman's report is "necessary to critique and refute BP's experts' recently disclosed opinions generated by their reliance on flawed data" is a rehashed legal theory from her original motion; and it mirrors a theme that she asserted in this case at least as early as June 2024.[16] As referenced above (and explained in the original order), shortly before

---

[14] *See* Rec. Doc. 150.

[15] Rec. Doc. 193, Order and Reasons Denying Pl.'s Mot. for Leave, at 32; *see also* Rec. Doc. 167-1, Pl.'s Mem. in Support of Pl.'s Mot. for Leave to Permit Pl.'s Experts' Rebuttal Reports, at 6,

> Providing BP and its experts with the "last word" on the science when it creates no evidentiary burden of proof to establish causation is not inconsistent with Fed. R. Civ. P. 26, but it raises a serious risk that BP's misrepresentation of the scientific evidence and burdens of Plaintiff's experts will prevail and that the case is not decided on its scientific merits.

[16] *See* Rec. Doc. 57-1, Pl.'s Mot. to Compel Def. Stantec's Docs, at 16 (citing a declaration of Nancy Rothman signed on Jan. 10, 2024 (Rec.Doc. 57-6) (filed June 10, 2024)),

> While BP is anticipated to argue that the NRDA data final results and summaries are already available on websites or were produced through discovery, and will likely make bald assertions that all of the Deepwater Horizon Oil Spill ("DWH")

Plaintiff's April 2025 expert report deadline, she cited Dr. Rothman's January 2024 declaration to support the proposition that:

> Plaintiff's expert testimony and document evidence establish that the public databases BP implies contain all the necessary information are inadequate and discovery of fact work product is likely to reveal important evidence of how the sampling data is unreliable.

(Rec. Doc. 193, Order and Reasons, at 32 (quoting Rec. Doc. 147, Pl.'s Reply in Response to BP's Opp. to Pl.'s Mot. to Compel Defs.' Docs., at 10)). In other words, prior to producing her expert reports, Plaintiff conceded that she anticipated relying on Dr. Rothman's testimony and "document evidence" for the purpose of establishing the inadequacy of the "public databases [that] BP implies contain all the necessary information," yet she did not produce any report by Dr. Rothman whatsoever. This is a "lion's share" of expert information that should have been disclosed by the court-ordered deadline, *Sierra Club*, 73 F.3d at 571, and a rehashed legal theory that is similarly unpersuasive on reconsideration. *St. Charles-Guillot Inv., LLC*, 2025 WL 1220817, at *2 (citations omitted).

With the aforementioned in mind, the Court returns to the "good cause" standard articulated by Rule 16. *See* Fed. R. Civ. P. 16(b). In the context of untimely submitted expert reports, the Fifth Circuit considers (a) the party's diligence (or lack thereof) and (b) four additional factors to determine whether a district court's refusal to modify a scheduling order was an abuse of discretion: "(1) the explanation for failing to disclose; (2) the importance of the testimony; (3) potential prejudice to the opposing party in allowing the testimony; and (4) the availability of a

---

data was collected under "rigorous" quality assurance and data validation standards, those arguments are misleading and not true.

continuance to cure such prejudice." *Certain Underwriters at Lloyd's, Lon. v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020)

For the reasons stated in this Order and those articulated in the original order, the Court maintains that Plaintiff failed to show good cause to modify the scheduling order as it concerns the rebuttal testimony of Dr. Rothman. In particular, Plaintiff's explanation for her failure to timely submit Dr. Rothman's report and the prejudice that would result by permitting her to bypass the common-sense order of disclosure outlined in the parties' joint proposed case management order adopted by this Court outweighs the alleged importance of the proffered testimony[17] and the availability of a continuance to cure any prejudice that may result. *Id.*

---

[17] Throughout her motion for reconsideration Plaintiff repeatedly emphasizes the importance of Dr. Rothman's rebuttal testimony. *See* Rec. Doc. 209-1, Pl.'s Mot. for Reconsideration, at 2, 7, 10, 11. But as the Fifth Circuit has explained:

> Even granting that the expert testimony was significant "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." Moreover, the claimed importance of Plaintiffs' expert testimony merely underscores the need for Plaintiffs to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible.

*Barrett v. Atl. Richfield Co.*, 95 FG.3d 375, 381–82 (5th Cir. 1996) (citations omitted). As Plaintiff herself acknowledges, Dr. Rothman's testimony is not a part of her case-in-chief argument. Rec. Doc. 209-1, Pl.'s Mot. for Reconsideration, at 5.

She produced reports for 6 experts in this case on the court-ordered deadline—(1) Dr. David Savitz (epidemiology), (2) Dr. Jill Powder (toxicology), (3) Dr. Shaun Crawford (industrial hygiene), (4) Jeffrey Meyers (economic damages), (5) Dr. Naomi Oreskes (scientific history), and (6) Dr. James Stark, M.D. (oncology). Rec. Doc. 167-3, at 1–6. Upon her request and for good cause shown, the Court subsequently granted her leave to produce a rebuttal report for three of these experts (Drs. Savitz, Powder, and Crawford) as well as an additional expert (Dr. Uri Simonsohn), too.

Put a different way, none of the experts whose reports Plaintiff produced by the court-ordered deadline were prevented (after proper request and good cause shown) from rebutting the reports of BP's expert witnesses. Thus, the "importance" factor is at best neutral and at worst weighs against admitting Dr. Rothman's testimony. Moreover, nothing in this Order protects BP's experts from "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 596 (1993).

Accordingly;

**IT IS ORDERED** that **Plaintiff's Opposed Expedited Motion for Partial Reconsideration of Order Denying Rebuttal Report of Dr. Nancy Rothman (Rec. Doc. 209)** is **DENIED**.

August 7, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE