UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY GREMILLION, on behalf of the ESTATE OF JENNIFER L. GREMILLION, | CIVIL ACTION |
| VERSUS | NO: 22-3209 |
| BP EXPLORATION & PRODUCTION INC. and BP AMERICA PRODUCTION COMPANY | SECTION: "A" (5) |

## ORDER AND REASONS

Before the Court is **Plaintiff's Motion to Strike Specific Portions of Expert Report (Rec. Doc. 217).** This motion is opposed by BP. The motion, set for submission on August 20, 2025, is before the Court on the briefs without oral argument. The Court **DENIES** Plaintiffs' **Motion to Strike (Rec. Doc. 217)** for the reasons set forth below.

### I. Background

On March 27, 2025, the Court issued an amended scheduling order requiring Defense's expert reports to be delivered to Plaintiff by June 2, 2025.[1] BP timely produced its expert disclosures, which included a two-volume report from Dr. Cox, a medical toxicologist.[2] Volume I is a general report that "summarizes the extensive exposure data on Gulf oil cleanup workers during the 2010 Gulf oil spill."[3] In Volume II, Dr. Cox uses the relevant data from Volume I, specific to Ms. Gremillion's work dates and location, to perform a causation analysis on Plaintiff's claims.[4]

---

[1] Rec. Doc. 150, Amended Scheduling Order at 1.

[2] *See* Rec. Doc. 217-1, Mem. in Support of Pl.'s Mot. to Strike, at 2; *see also* Rec. Doc. 227, BP's Mem. in Opp. of Pl.'s Mot. to Strike, at 1.

[3] Rec. Doc. 227-1, Exhibit 1, at 7.
[4] *See* Rec. Doc. 217-2, Exhibit 1, at 7; *see also* Rec. Doc. 227, at 2.

On June 10, 2025, Plaintiff filed a Motion for Leave to Permit Plaintiff's Experts' Rebuttal Reports to address several of BP's expert reports.[5] The Court granted this motion for all but one expert—Dr. Nancy Rothman.[6] On June 27, 2025, BP produced a modified report from Dr. Cox that made changes only to Volume II.[7] Although this amended report was submitted after Defense's expert report deadline, the modification occurred three business days before Dr. Cox's deposition, before Plaintiff produced her rebuttal expert reports, and before the *Daubert* deadline.[8] Plaintiff submitted her rebuttal expert reports on August 1, 2025.[9]

Dr. Cox issued the amended report to refine his exposure assessment and fix clerical errors.[10] The original version of Volume II included data from locations where Ms. Gremillion did not work, and did not capture data from Port Sulphur, where she did work. So, in his amended report, Dr. Cox "deleted the data for Delacroix and Hopedale and added the data from Port Sulphur."[11] Each data point used in the original and amended versions of Volume II came from Volume I, which was not amended.[12] In his deposition, Dr. Cox explained that both versions of his analysis are correct.[13] But, after submitting the report, he decided to "work on a better way of

---

[5] Rec. Doc. 167, Pl.'s Mot. For Leave to Permit Pl.'s Experts' Rebuttal Reports.

[6] Rec. Doc. 193, Order and Reasons Denying Pl.'s Mot. for Leave, at 31–34. Plaintiff submitted a motion for reconsideration of the order denying Dr. Rothman's rebuttal report, which the Court also denied. Rec. Doc. 209.

[7] Rec. Doc. 217-1.

[8] Rec. Doc. 227 at 1.

[9] Rec. Doc. 222.

[10] Rec. Doc. 227-3, Decl. of Robert Cox, M.D., Ph.D. These clerical errors include changing the units from ppb to ppm (and therefore the calculations) in Table 2 and correcting grammatical issues. *See* Rec. Doc. 227-3.

[11] Dep. At 147:8-9

[12] Rec. Doc. 227 at 3.

[13] Rec. Doc. 227-2, Dep. Tr. Of Dr. Robert Cox dated July 3, 2025, at 118:5-11.

making the data more precise."[14] BP offers no further reasons why Dr. Cox did not intially isolate the data based on Ms. Gremillion's specific work dates and location when the information was available to him before he submitted his June 2 report.

Plaintiff seeks to strike Dr. Cox's June 27 amended report, including seven updates: "Sections 4.3.1 ('Personal breathing zone analyses for workers') and 4.3.1.2 ('Community air sampling'); Tables 1, 2 and 4; the new finding in Section 4.2.7 ('Exposure Summary'); and the new calculations in 7.2.2 ('Risk of leukemia using EPA's methods') ('New Sections')."[15]

## II. Pending Motion

Plaintiff seeks to strike the seven "New Sections" in the amended report because BP produced the changes after the deadline, without requesting leave.[16] Plaintiff argues that the untimely modifications are prejudicial because they (1) "left insufficient time to fully prepare to examine the expert on amendments to the report or consult experts regarding the same;" (2) forced her attorneys to spend "a considerable amount of time during the deposition of Dr. Cox discussing how and why his Amended report differed from his original report;" and (3) deprived her experts[17] the opportunity to address the amendments in their rebuttal reports fully.[18] She also contends that

---

[14] *Id.* at 123:18-23.

[15] Rec. Doc. 217-1, at 3.

[16] *Id.* at 4-5

[17] In her reply, Plaintiff states that her "consulting expert, Dr. Rothman, spent considerable time preparing and analyzing Dr. Cox's initial report calculations and analysis which was wasted in part when Dr. Cox attempted to shore up or bolster his report with new data and opinions." Rec. Doc. 230 at 7. Plaintiff also notes that the changes make a rebuttal report by Dr. Rothman even more necessary. Rec. Doc. 217-1 at 10, 10 n.46. The Court has already twice denied Plaintiff's request to submit Dr. Rothman's rebuttal report. So, Dr. Rothman's efforts and opinions are inconsequential to this issue.

[18] Rec. Doc. 230, Pl.'s Reply in Support of Her Mot. to Strike the Amended Report of Dr. Cox, at 6-7.

the amended report is an "attempt to offer new opinions and data that BP purportedly believes are necessary to salvage its report."[19]

BP opposes the motion because Dr. Cox's revisions did not change his ultimate opinion on the exposure assessment or offer any new rebuttal opinions in the amended report.[20] Furthermore, the data Dr. Cox used is publicly available, and Plaintiff has had access to this data for years.[21] In its memorandum in opposition, BP highlights the importance of causation evidence in *Deepwater Horizon* toxic tort cases and states, "Dr. Cox's June 26 revision is important to the issue of causation because he analyzed data points specific to Ms. Gremillion's work location."[22]

### III.    Discussion

The Court must determine if Defendant's disclosures are supplemental or contain new information, analyses or conclusions. *Aikens v. Cent. Oregon Truck Co., Inc.*, No. 20-567, 2021 WL 4312712, at *3 (E.D. Tex. Sept. 22, 2021). If the disclosures are supplemental, then Federal Rule of Civil Procedure 26 will determine whether they were timely submitted.[23] If the disclosures are new, the Court must determine if the untimely expert disclosure is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court finds that Dr. Cox's amended report does not qualify as a supplemental disclosure under Rule 26(e) because both parties had access to the additional information before the submission of the original June 2 report. Since the disclosure was untimely, the Court has broad

---

[19] Rec. Doc. 217-1 at 11.

[20] *See* Rec. Doc. 227

[21] *Id.* at 4. BP points out, "Plaintiff's counsel, the Downs Law Group, has represented numerous DWH plaintiffs since at least 2014. […] The quality of this data has featured prominently throughout the litigation." *Id.*, n.14.

[22] *Id.* at 9-10.

[23] The Court's scheduling order was silent as to supplemental reports. Rec. Doc. 150. So, "these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

discretion to exclude the June 26 amended report to enforce its pretrial order. However, the Court finds that the untimely production of Dr. Cox's amended report is harmless and will not be stricken.

### a. Federal Rule of Civil Procedure 26(e) Governing Supplemental Reports

Rule 26(e) dictates that a party has a duty to supplement its expert witness disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The Rules do not define what constitutes a "supplement," but they do specify that the additional information must "not otherwise been made known" to the other parties. Plaintiff makes several arguments that Dr. Cox's amended report exceeds the purpose of supplementation[24]—the Court finds the majority of them unpersuasive.

Plaintiff asks this Court to strike the seven New Sections because Dr. Cox went beyond correcting a reasonable mistake and instead made improvements to his report using new methodologies.[25] Rule 26(e) requires a party to correct their disclosures if they learn that they are materially incomplete or incorrect, as long as the "*initial* disclosures [are] complete and detailed." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). Thus, supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Id.* Here, a comparison of Dr. Cox's reports confirms that his initial report was "detailed and complete," and he did not add new material or introduce new methodologies.[26] Dr. Cox did not provide a new opinion masquerading

---

[24] Rec. Doc. 217-1 at 5-8; *see also* Rec. Doc. 230 at 2-3, 5.

[25] Rec. Doc. 217-1 at 6.

[26] The June 2 report is 177 pages while the June 26 report is 178 pages. *See* Rec. Doc. 217-2 & 217-3; *see also* Rec. Doc. 227-3.

as a supplement to his initial report. None of his opinions or conclusions changed, and his amendments do not reflect an attempt by BP to participate in "gamesmanship" by bolstering its position with a new and improved report.[27]

Plaintiff argues that Dr. Cox's revisions are not merely supplemental under Rule 26(e) because "if the New Report changed nothing important, there would be no need to issue it."[28] This is an inaccurate understanding of the scope of a supplemental report. As other courts within the Fifth Circuit have explained, a supplemental report "adds to a previously-served report without going beyond the opinions expressed in the report." *Gibson Brands, Inc. v. Armadillo Distribution Enterprises, Inc.*, No. 19-358, 2020 WL 6581868, at *2 (E.D. Tex. Nov. 10, 2020) (quoting *CEATS, Inc. v. TicketNetwork, Inc.*, No: 15-1470, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018)). By definition, supplemental means to "supply[] something additional; add[] what is lacking." BLACK'S LAW DICTIONARY (12th ed. 2024). Dr. Cox "added to" his underlying opinion that Ms. Gremillion's potential exposure did not cause her cancer by explicitly addressing the data relevant to this case (instead of data from areas where she did not work) in his amended report.[29] Plaintiff construes these amendments as entirely new opinions, but reviewing the two reports, the deposition and the Declaration of Dr. Cox submitted by BP verifies that he did not go beyond the opinions expressed in the original report.

The Court also disagrees with Plaintiff's contention that the amended report is BP's attempt at a "do-over" based on "Plaintiff's Motion for Leave highlighting the existence of errors in Dr.

---

[27] *Id.*

[28] Rec. Doc. 217-1 at 6 (quoting BP's Opposition to Plaintiff's Motion for Leave to Amend, *Boggs v. BP Expl. & Prod., Inc.*, No. 16-13476 (E.D. La.), Doc. 245 (Nov. 11, 2024), at 4.)

[29] Rec. Doc. 227; *see also* Rec. Doc. 227-3

Cox's report."[30] In her Motion For Leave to Permit Rebuttal Reports, Plaintiff points out that "specific mischaracterizations, flawed interpretations, and methodological errors" exist in *several* of BP's expert reports, not just Dr. Cox's.[31] She also did not specify what sections her experts planned to rebut in Dr. Cox's report. Plaintiff's counsel even questioned Dr. Cox about whether he was influenced by the possibility of rebuttal reports, and he denied knowing about potential future rebuttal reports.[32] Furthermore, "supplementation is not inherently improper just because it was prompted by questions or challenges to the expert's opinions raised by opposing counsel." *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99*, 2-2260, 2005 WL 838679, at *8 (N.D. Ill. Apr. 5, 2005).

However, the Court does agree with Plaintiff's argument that Dr. Cox's corrections do not qualify as "supplemental" under Rule 26 because they are based entirely on information previously available to both parties and included in Volume I of his original report, which was not amended.[33] Crucially, BP offers no explanation of why Dr. Cox could not have included the modifications in his original report.

### b. Federal Rule of Civil Procedure 37(c)(1) Governing Untimely Disclosures

Having determined that the June 26 expert disclosure fails to comply with Rule 26(e), BP is not allowed to use the amended information unless the Court determines the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). To determine whether an untimely expert disclosure is "substantially justified or is harmless," the Fifth Circuit considers four factors: (1) the explanation for the failure to [include the information]; (2) the importance of the

---

[30] Rec. Doc. 217-1 at 8.

[31] Rec. Doc. 167-1 at 9.

[32] Rec. Doc. 227-2 at 118:18-25; 119:1-10.

[33] Rec. Doc. 230 at 2; *see also* Rec. Doc. 217-1 at 7.

[information]; (3) potential prejudice in allowing the [information]; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

BP has offered no persuasive justification for Dr. Cox's failure to narrow the data to only include samples from the actual areas and dates of Ms. Gremillion's work location. Dr. Cox admitted to having access to and reviewing all the relevant discovery documents regarding Ms. Gremillion's work location before submitting his original June 2 report.[34] BP explains that Dr. Cox made these changes when he realized "the data he included in Volume II of his report inadvertently left out some of the data he had analyzed in Volume I."[35] Dr. Cox did not categorize the use of the data in his original report as a "mistake."[36] Instead, he claims that upon further review of Volume II, he worked on refining the data to be "more precise."[37] Still, through BP, Dr. Cox had the necessary information and ability to narrow the exposure data before expert disclosures were due—and he did not. The Court finds that carelessness is not a valid excuse for an untimely disclosure. This factor weighs against Defendant.

Both sides acknowledge that Dr. Cox is an essential causation expert for BP.[38] BP argues that "Dr. Cox's June 26 revision is important to the issue of causation because he analyzed data points specific to Ms. Gremillion's work location, including the data from the PBZ badge worn by Ms. Gremillion during her work."[39] However, the crux of BP's opposition relies on the fact that the substance of Dr. Cox's methods and opinions were included in the June 2 version of his report.

---

[34] Rec. Doc. 227-2 at 123-125.

[35] Rec. Doc. 227 at 9.

[36] *Id.* at 138:1-25.

[37] *Id.* at 126:3-20.

[38] Rec. Doc. 227 at 9; *see also* Rec. Doc. 217-1 at 6.

[39] Rec. Doc. 227 at 10.

So, the Court agrees with Plaintiff that "BP has not put forward an assertation or argument that Dr. Cox's reformulated data and new opinions are necessary in proving or defending BP's case."[40] This factor also weighs against Defendant.

Plaintiff lists several reasons for how she will be prejudiced if the Court does not strike the amended report. These include the inability to "meaningfully analyze the new calculations prior to [Dr. Cox's] deposition;" depriving her experts "the chance to fully address the amendments in their rebuttal reports; "wast[ing] time and costs in deposition" reviewing the changes Dr. Cox made;" and the expenditure of "additional resources to analyze an untimely report."[41] Since Plaintiff filed her Motion to Strike on July 25, these issues cannot be cured by granting her motion now, and she did not attempt to ask for an extension to file her rebuttal reports or move the deposition of Dr. Cox to a later date.[42] This factor weighs in favor of Defendant.

Both sides feel that a continuance is unnecessary. BP points out that the Court has already continued this matter, and discovery does not close until October 24.[43] Plaintiff also argues against a continuance because she does not wish to delay the trial date. BP proposes another deposition of Dr. Cox to remedy some of the prejudice Plaintiff alleges Dr. Cox's amended report caused.[44] However, Plaintiff specifically rejects a continuance in her Motion to Strike because of the "significant amount of time [she spent] during Dr. Cox's recent deposition simply verifying and

---

[40] Rec. Doc. 217-1 at 9.

[41] *Id.* at 10; *see also* Rec. Doc. 230 at 6-8.

[42] As Plaintiff points out, "more than fifty pages of the [deposition] transcript was spent examining the witness merely on the differences between his original and untimely Amended Report." Rec. Doc. 217-1 at 6. This seems like a considerable amount of time discussing a report that Plaintiff also claims she had "insufficient time" to meaningfully analyze. *Id.*

[43] Rec. Doc. 227 at 11, 11 n.51.

[44] *Id.* at 11

confirming what information and data was new or different from his original report."[45] This factor also weighs in favor of Defendant.

The Court appreciates the importance of parties' complying with its scheduling order, but Rule 37(c)(1) allows for untimely disclosures if they are "substantially justified or harmless." Neither side made a compelling argument for how they would be harmed by striking or allowing the amended report to be used. So, based on a *Geiserman* factor analysis, admission of the evidence appears to be harmless. Therefore, the Court denies Plaintiff's Motion.

However, if Plaintiff feels she is prejudiced in any way by the ruling, the Court is willing to entertain a motion to continue the trial of this matter.

## IV. Conclusion

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that **Plaintiff's Motion to Strike Specific Portions of Expert Report (Rec. Doc. 217)** is **DENIED**.

September 22, 2025



JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[45] Rec. Doc. 217-1.